**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5069**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CRAIG QUINZEL JONES,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:08-cr-00007-WO-1)

Submitted: June 12, 2009          Decided: June 30, 2009

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Craig Quinzel Jones for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Prior to trial, Jones moved to suppress the evidence seized the day of his arrest because the officers who frisked him did not have reasonable suspicion to perform a Terry[*] frisk. The district court denied his motion, and Jones entered a conditional guilty plea pursuant to a plea agreement. The court sentenced Jones to thirty-nine months of imprisonment, and Jones now appeals. Finding no error, we affirm.

Jones first argues that the district court erred in denying his suppression motion. "In reviewing a district court's ruling on a motion to suppress, we review the court's factual findings for clear error, and its legal conclusions de novo." United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008) (citation omitted). When the district court denies a defendant's suppression motion, we construe "the evidence in the light most favorable to the [G]overnment." United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005) (citation omitted).

"[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity

---

[*] Terry v. Ohio, 392 U.S. 1 (1968).

2

is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry, 392 U.S. at 30). "Moreover, if the officer has a reasonable fear for his own and others' safety based on an articulable suspicion that the suspect may be armed and presently dangerous, the officer may conduct a protective search of, i.e., frisk, the outer layers of the suspect's clothing for weapons." United States v. Holmes, 376 F.3d 270, 275 (4th Cir. 2004) (citing Terry, 392 U.S. at 30-31) (internal quotation marks omitted).

The officer must have "at least a minimal level of objective justification for making the stop" and "must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." Wardlow, 528 U.S. at 123-24 (internal quotation marks and citations omitted). Courts assess the legality of a Terry stop under the totality of the circumstances, giving "due weight to common sense judgments reached by officers in light of their experience and training." United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004) (citations omitted). Applying these principles, we conclude that the arresting officers had reasonable suspicion to stop Jones and frisk him for weapons.

Jones next argues that the district court erred in imposing a variant sentence. We review a sentence for reasonableness, applying an abuse of discretion standard.

3

Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007); see also United States v. Seay, 553 F.3d 732, 742 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including: "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597. "If the district court decides to impose a sentence outside the [g]uidelines range, it must ensure that its justification supports 'the degree of the variance'; . . . ." United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 128 S. Ct. at 597). Finally, we then "'consider[] the substantive reasonableness of the sentence imposed.'" Id. (quoting Gall, 128 S. Ct. at 597).

We have thoroughly reviewed the record and conclude that the district court did not err in imposing a variant sentence two months above the advisory guidelines range and that the sentence is reasonable. We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED